Filed 3/3/22  P. v. Love CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B302892 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA138408) |
| v. | |
| DAVAUGHN LOVE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed and remanded.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Theresa A. Patterson, and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Davaughn Love (defendant), who was convicted of attempted murder and other crimes in 2016, appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  In a partially published opinion issued on October 1, 2020, we affirmed that denial solely on the ground that section 1170.95 did not accord relief to persons convicted of attempted murder.  (*People v. Love* (Oct. 1, 2020, B302892) (*Love*).) Defendant filed a petition for review by the California Supreme Court, which was held along with numerous similar cases.  While this case has been pending, our Legislature enacted and the Governor signed into law Senate Bill No. 775 (Senate Bill 775). (Stats. 2021, ch. 551.)  Senate Bill 775 amended section 1170.95 to expand eligibility for resentencing to persons convicted of attempted murder.  On December 16, 2020, the California Supreme Court granted review in this case, and, in an order filed January 26, 2022, transferred the case back to this court with directions to vacate our prior decision and reconsider in light of Senate Bill 775.  In light of the enactment of Senate Bill 775, we vacate our previous opinion and decision in this case (*Love*) and remand the matter to the trial court for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

**FACTS AND PROCEDURAL BACKGROUND**

I.    **Facts[2]**

    A.    ***The underlying crime***

In mid-August 2015, defendant drove a fellow gang member (Antwoine Vaughn) into a rival gang's territory in the midst of a retaliation campaign against that rival gang. They enlisted a third gang member to follow them in a separate car and videotape their anticipated exploits. Once they arrived in the rival gang's territory, "[defendant] stopped the car, and Vaughn got out and approached a man standing on the sidewalk with a woman and two children. After exchanging a few words, Vaughn pulled out a gun and opened fire on the man's back. Vaughn continued 'shooting wildly' as the man tried to flee into a nearby intersection. All in all, 10 bullets hit the man (causing injuries to his head, chest, leg and hand), and three bullets struck a nearby car that was driving through the intersection. Vaughn got back into the car, and [defendant] drove away." The next day, defendant sent a text message to Vaughn, reminding him to "move" the gun.

    B.    ***Prosecution, conviction and appeal***

The People charged defendant with (1) the attempted murder of the man Vaughn shot 10 times (§§ 187, subd. (a), 664, subd. (a)), and (2) shooting at the occupied vehicle struck by another three bullets Vaughn shot (§ 246). The People further alleged that these crimes were committed "for the benefit of, at the direction of, or in association with a criminal street gang" (§

---

**2**    We draw these facts from our prior, unpublished opinion affirming defendant's convictions. (*People v. Vaughn & Love* (May 30, 2019, B277941) (*Vaughn & Love*).)

3

186.22, subd. (b)(4)), and that a principal had discharged a firearm and caused great bodily injury (§ 12022.53, subd. (d)).[3]

The trial court instructed the jury that defendant could be held liable for attempted murder (1) if he aided and abetted Vaughn in committing the attempted murder, (2) if he aided and abetted Vaughn in committing an "assault" and murder was a natural and probable consequence of that assault, or (3) if he and Vaughn conspired to commit an assault and murder was a foreseeable consequence of that conspiracy.

The jury convicted defendant of attempted murder and shooting at an occupied vehicle. The jury also found true the gang and firearm allegations.

The trial court sentenced defendant to state prison for life, with a minimum term of 47 years. For the attempted murder, the court sentenced defendant to life in prison with a minimum term of 32 years, with the minimum comprised of 7 years for the attempted murder itself plus an additional 25 years for the firearm enhancement. For shooting at an occupied vehicle, the court imposed a consecutive life term with a minimum term of 15 years.

Defendant appealed his conviction and sentence. We affirmed defendant's conviction and sentence but remanded the matter so that the trial court could determine whether to exercise its discretion to strike the firearm enhancement.

Defendant petitioned for review before the Supreme Court, and the Supreme Court granted review and remanded the matter

---

[3] The People also alleged that defendant had suffered two prior "strike" convictions under our three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and had served one prior prison term (§ 667.5, subd. (b)).

to us with directions to consider whether to apply the newly enacted Senate Bill 1437.

After entertaining further briefing on the applicability of Senate Bill 1437, we issued an unpublished opinion on May 30, 2019, that (1) affirmed defendant's convictions, (2) remanded the matter for the trial court to consider whether to strike the firearm enhancement, and (3) denied any relief pursuant to Senate Bill 1437 without prejudice to defendant filing a petition for relief with the trial court pursuant to the mechanism set forth in section 1170.95 for seeking relief under the bill.

## II.    Procedural Background

On September 18, 2019, and October 7, 2019, defendant filed two separate petitions seeking to vacate his attempted murder conviction on the basis of section 1170.95.  On October 22, 2019, the trial court denied his motions on the ground that section 1170.95 did not apply to convictions for attempted murder.

On October 24, 2019, defendant filed a motion asking the trial court to exercise its newly conferred discretion to strike the 25-year firearm enhancement on the attempted murder count. The trial court held a hearing on November 20, 2019.  After recounting the facts of the case the court expressed its "confiden[ce]" that defendant "knew what was going on" and was "integral to the shooting."  Given defendant's "integral" role, the court declined to "exercise its discretion to strike the gun allegation."

On November 20, 2019, defendant filed a notice of appeal from the order denying his petitions for relief under section

5

1170.95.[4] At that time, the Court of Appeal was split on whether section 1170.95 applied to attempted murder convictions. We affirmed the order denying the petition because we interpreted then-existing section 1170.95 to authorize relief for defendants convicted of murder, but not attempted murder. (*People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445 (*Love*).) Defendant petitioned for review in the Supreme Court. The Supreme Court granted review, transferred the matter back to this court, and directed us to vacate our prior decision and reconsider in light of Senate Bill 775. Following the transfer, the Attorney General and defendant submitted supplemental briefs addressing the impact of Senate Bill 775 on this case.

## DISCUSSION

In his supplemental brief, the Attorney General concedes that reversal and remand for a new hearing is appropriate. We agree.

Senate Bill 1437 enacted section 1170.95, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Prior to the enactment of Senate Bill 775, the Court of Appeal was split on whether section 1170.95 applied to attempted

---

[4] On May 6, 2020, we issued an order construing that notice of appeal also to encompass the trial court's judgment that declined to strike the firearm enhancement.

6

murder as well as murder, with some courts holding that section 1170.95 did not apply to attempted murder at all, others holding that it applied only prospectively to attempted murder, and still others holding that it applied both prospectively and retroactively to nonfinal attempted murder convictions. (See *Love*, *supra*, 55 Cal.App.5th at pp. 278-279 [summarizing the split of authority as of Oct. 1, 2020].)

Senate Bill 775 resolved this split of authority by amending section 1170.95 to explicitly afford relief to persons convicted of attempted murder and manslaughter. Senate Bill 775's amendments to section 1170.95 became effective January 1, 2022. Defendant's appeal from the denial of his resentencing petition was not final by that date; thus, defendant may avail himself of this latest amendment. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed, and the matter remanded for an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill 775.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.,
ASHMANN-GERST


_____, J.
CHAVEZ

8